<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH M. KEHOE,<br><br>    Plaintiff,<br><br>    v.<br><br>RED CARPET HOME SERVICES, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 25-18819 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

<u>SHIPP, District Judge</u>

This matter comes before the Court upon *pro se* Plaintiff Joseph M. Kehoe's ("Plaintiff")

Motion to Remand and for Leave to File an Amended Complaint. (Mot. to Remand & Amend

("Mot."), ECF No. 7.) Defendants Red Carpet Home Services, LLC ("Red Carpet") and Yisroel

Saks ("Saks" and collectively with Red Carpet, "Defendants") filed correspondence "tak[ing] no

position on Plaintiff's Motion[.]"[1] (Defs.' Correspondence, ECF No. 14.) The Court has carefully

considered the parties' submissions and reaches its decision without oral argument under Local

Civil Rule 78.1(b).

On October 23, 2025, Plaintiff filed his Complaint in the Superior Court of New Jersey,

Middlesex County, asserting claims under both state and federal law. (Notice of Removal, ECF

---

[1] Defendant United Healthcare Services ("United") also filed correspondence "tak[ing] no position on the Motion[.]" (United's Correspondence, ECF No. 13.) Plaintiff and United, however, later filed a stipulation of dismissal with prejudice as to the claims against United, which this Court granted. (Stip. of Dismissal, ECF No. 15; Order of Dismissal, ECF No. 16.) United, therefore, is no longer part of this matter.

No. 1; Compl. ¶¶ 44-137, ECF No. 1-1[2].) On December 19, 2025, United removed the case to this Court (*see* Notice of Removal) with the consent of both Red Carpet and Saks (*see* Defs.' Stip., ECF No. 1-2).[3] On December 26, 2025, Red Carpet and Saks filed cross-claims for indemnification and contribution (the "Cross-claims"). (*See generally* Answer & Cross-cls., ECF No. 4.) On January 16, 2026, Plaintiff filed the instant motion seeking to remand the case back to state court and for leave to file an amended complaint. (*See generally* Mot.) The Court first turns to whether Plaintiff shall be permitted to amend his Complaint.

*First*, Plaintiff seeks leave to amend his Complaint to remove any federal causes of action, arguing that such leave should be granted because his amendments do not add new parties or prejudice Defendants and the amendments will promote judicial efficiency. (*Id.* at *2-3.) Given Plaintiff's *pro se* status and the fact that Defendants do not oppose and make no argument that they are prejudiced by such amendments (*see generally* Defs.' Correspondence), the Court finds good cause to grant Plaintiff leave to file an amended complaint, *see Yenchik Elliott v. GTC Logistics, Inc.*, No. 23-194, 2025 WL 257603, at *2 (M.D. Pa. Jan. 21, 2025) ("Generally, courts should grant leave to file amended pleadings freely . . . . The Third Circuit has emphasized that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" (citations omitted)); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("Leave to amend 'shall be freely given when justice so requires.'" (quoting Fed. R. Civ. P. 15)); *see also Dodson v. Allied Universal*

---

[2] Page numbers preceded by an asterisk refer to the page numbers noted in the ECF header. The Complaint is located at *8-38 in ECF No. 1-1.

[3] Plaintiff's Complaint also names Alexa Veliz ("Veliz") as a defendant. (*See generally* Compl.) In the Notice of Removal, however, United noted that "[a]ccording to the docket in the [s]tate [c]ourt [a]ction," Veliz was not properly served and therefore did not need to consent to removal. (Notice of Removal ¶ 15.) This is corroborated by Plaintiff's November 20, 2025, Certification of Service in which Plaintiff certified that Red Carpet, Saks, and United were served, but made no mention of service on Veliz. (*See* Cert. of Service *194-95, ECF No. 1-1.)

2

*Sec. Co.*, No. 24-240, 2024 WL 3665812, at *11 (D.N.J. Aug. 6, 2024) (collecting cases and explaining that courts "generally grant *pro se* plaintiffs . . . leave to amend where possible"). Plaintiff's motion for leave to amend is, therefore, granted, and the Clerk shall file the Proposed Amended Complaint attached to Plaintiff's Motion (Am. Compl., ECF No. 7-2), which shall become the operative Amended Complaint in this matter.[4]

*Second*, Plaintiff seeks to remand because his now-operative Amended Complaint contains no federal question or other basis for this Court to exercise jurisdiction.[5] (Mot. *3.) "When a plaintiff amends [his] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says. If . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Here, because the Amended Complaint contains no federal claims on its face and there is no diversity between the parties (*see generally* Am. Compl.), the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts

---

[4] Plaintiff's Proposed Amended Complaint was filed before United and Plaintiff filed their stipulation of dismissal with prejudice. The Court, therefore, understands that Plaintiff has withdrawn the claims asserted against United in the Proposed Amended Complaint and United shall remain terminated from this matter.

[5] The Amended Complaint alleges state law claims for: (1) conversion; (2) trespass to chattels; (3) negligent hiring, training, and supervision; (4) "failure to provide effective communication/reasonable accommodation"; (5) "illegal dumping/creation of public nuisance"; (6) "creation of fire, safety, and health hazard"; (7) "indemnification/reimbursement of municipal fines, costs[,] and penalties"; (8) "negligent oversight, retention, and supervision of contracted provider"; (9) disability discrimination under the New Jersey Law Against Discrimination; (10) fraudulent misrepresentation; (11) violation of the New Jersey Consumer Fraud Act; and (12) negligent and intentional infliction of emotional distress, some of which may no longer be viable as they are asserted only against United. (*See generally* Am. Compl.) The Amended Complaint also alleges that Plaintiff and Defendants are all citizens of New Jersey. (*Id.* at *4-5.)

3

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."); *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) ("Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." (citation omitted)); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) ("For diversity purposes, citizenship of the parties is determined as of the time the complaint was filed." (citations omitted)).

This Court, therefore, does not have jurisdiction over Plaintiff's Amended Complaint or Red Carpet and Saks's Cross-claims,[6] and this matter must be remanded to state court.

Accordingly,

IT IS, on this 20th day of July 2026, **ORDERED** as follows:

1.    Plaintiff's Motion (ECF No. 7) is **GRANTED**.

2.    The Clerk is directed to file the Amended Complaint. (ECF No. 7-2.)

3.    The Clerk shall remand this matter to the Superior Court of New Jersey, Middlesex County.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that Red Carpet and Saks brought Cross-claims in this matter. (*See generally* Answer & Cross-cls.) Here, the Cross-claims only involve state law-based causes of action and do not otherwise confer an independent basis for this Court to exercise jurisdiction. (*See generally* Answer & Cross-cls.); *see also AccuCredit Assocs., LLC v. Diversified Global Sys., LLC*, No. 18-16537, at *2-3 (D.N.J. Sep. 30, 2019) (finding dismissal of cross-claims appropriate where amended complaint was dismissed for lack of subject matter jurisdiction and the Court did not discern "any independent basis for subject matter jurisdiction [over] the [c]ross-[c]laims").